**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sukhi Ghuman, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Nicolas Nicholson,<br><br>            Defendant. | No. CV-20-02474-PHX-ROS<br><br>**ORDER** |

       On January 19, 2024, the Court issued an Order requiring Plaintiffs address why dismissal with prejudice would not be appropriate given their repeated false statements that unnecessarily delayed resolution of these proceedings. (Doc. 104). That Order noted the record established Plaintiffs had large outstanding debts and it appeared unlikely Plaintiffs would be deterred by monetary sanctions. The Court instructed Plaintiffs that their response "should not reargue the merits of the motion for sanctions" but should "address only the appropriate form of sanctions for their misconduct." (Doc. 104 at 6).

       On January 26, 2024, Plaintiffs filed their response. That response argues in passing that monetary sanctions instead of dismissal would be appropriate. But contrary to the Court's instruction, almost the entire response reargues Plaintiffs' position that they did not engage in sanctionable conduct. (Doc. 105). Defendant filed his own response addressing Plaintiffs' filing. According to Defendant, it would be futile to impose monetary sanctions. Plaintiffs already "face numerous judgments and liens in excess of three million dollars." (Doc. 107). In addition Plaintiffs have stated they are unable to pay

for legal representation. Defendant believes dismissal is the appropriate sanction because monetary sanctions would never be paid.

Before dismissing this case based on Plaintiffs' conduct, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citation omitted). Four of these factors supports dismissal while one factor weighs slightly in favor of allowing Plaintiffs' claims to proceed.

The first two factors can be analyzed together. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket support dismissal with prejudice. Plaintiffs' sanctionable conduct occurred in the context of ensuring the evidentiary hearing not occur as scheduled. Based on Plaintiffs' false statements, the Court rescheduled the evidentiary hearing multiple times. Eventually, Plaintiffs moved to the United Kingdom and no further in-court proceedings, regardless of when they might be scheduled, could occur. Resolution of this case is now delayed indefinitely and the interest in expeditious resolution of litigation as well as the Court's need to manage its docket weigh in favor of dismissal.

The third factor requires determining whether Plaintiffs' sanctionable conduct prejudiced Defendant. For the entire history of this case Defendant has maintained the Court lacked personal jurisdiction. After an early motion to dismiss was denied, Defendant had to incur the cost of defending this action and, when the proceeding to resolve personal jurisdiction was about to occur, Plaintiffs prevented the proceeding by making false statements. Plaintiffs' statements frustrated "the rightful decision of the case" and prejudiced Defendant. *See Adriana,* 913 F.2d at 1412 (noting failure to appear at depositions interfered with the rightful decision of the case). This factor also supports dismissal.

The fourth factor requires considering the "public policy favoring disposition of

cases on their merits." This factor always weighs against dismissal but it "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Transamerica Life Ins. Co. v. Arutyunyan*, 2024 WL 719045, at *8 (9th Cir. 2024). Here, it was Plaintiffs' obligation to prosecute their claims and it was Plaintiffs' false statements that prevented progress towards final resolution. Accordingly, this factor weighs only slightly against dismissal.

Finally, there are no less drastic sanctions available that would address Plaintiffs' behavior and deter similar behavior in the future. As set forth by Defendant, there are sizable judgments against Plaintiffs that have remained unpaid for years. In addition, there is a $1.7 million federal tax lien on Plaintiffs' real property in Arizona. Those judgments and lien establish Plaintiffs would not honor any monetary sanction assessed here. Plaintiffs would not pay monetary sanctions and it would be futile to impose monetary sanctions as a form of lesser sanctions.

Beyond monetary sanctions, there is no other lesser sanction that might be imposed. Plaintiffs' misconduct obtained the delay they sought, and Plaintiffs are now in the United Kingdom. Plaintiffs have stated they will not return to Arizona before next year to participate in this case. Thus, any form of evidentiary sanction, such as an adverse inference or exclusion of evidence, would simply reward Plaintiffs' behavior. That is, the goal of Plaintiffs' sanctionable conduct was to delay these proceedings and any lesser sanction would only further that goal. The final factor supports dismissal as the appropriate sanctions.

The many judgments against Plaintiffs both in the United States and the United Kingdom establish they do not believe they are required to respect judicial orders. Having engaged in misconduct to prevent resolution of the merits of this case, the appropriate sanction is dismissal with prejudice.

Accordingly,

**IT IS ORDERED** the Motion for Sanctions (Doc. 96) is **GRANTED**.

…

1  **IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of
2  Defendant and close this case.
3  Dated this 26th day of February, 2024.

                                            Honorable Roslyn O. Silver
                                            Senior United States District Judge